344 So.2d 315 (1977)
Edward O'Neal BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. DD-9.
District Court of Appeal of Florida, First District.
April 7, 1977.
Richard W. Ervin, III, Public Defender, and Michael M. Corin, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
MASON, ERNEST E. (Retired), Associate Judge.
In an amended information appellant was charged with the offense of the unlawful possession of a controlled substance, viz, phencyclidine, contrary to the provisions of Sections 893.03(3)(a) and 893.13(1)(e), Florida Statutes. He filed a motion to suppress the evidence which was taken from his person when he was taken into custody and placed under arrest after a search of his person by an off-duty deputy sheriff of the Jacksonville Sheriff's Office. At the time the officer was working at the Jacksonville Coliseum where a "rock" concert was in progress. He was employed there at the time to keep the peace. The trial court denied the motion to suppress, whereupon appellant entered a plea of nolo contendere, expressly reserving the right to appeal from the denial of his motion to suppress. Thereafter he was adjudged guilty as charged and sentenced to a split sentence of imprisonment and probation. It is from this judgment and sentence that appellant has filed this appeal. His sole assignment of error is the trial court's denial of his motion to suppress.
We reverse, and in so doing find that the search of appellant's person was an unreasonable search. At the time there was no warrant for either appellant's arrest or a search of his person. He did not consent to the search nor was there probable cause to *316 justify such search. The search was not an incident to a lawful arrest. The officer testified that at the time appellant was not disorderly nor disturbing the peace, and was not committing any crime, nor did he have reason to believe that he had committed any crime, or was about to commit any violation of state law or city or county ordinance. The officer's stated reason for detaining appellant was that in his opinion he was intoxicated and "I figured I'd put him in Detox Center and let him sober up ..." After reaching this conclusion the officer then searched the appellant and testified that such search revealed a medicine bottle which upon being opened revealed fifteen tinfoil rolled up packets which appeared to him to be some kind of drugs. Thereupon the officer placed the appellant under arrest.
It is important to note that at the time there was no evidence of any criminal activity in the area, nor did the circumstances indicate that appellant's actions posed any danger to the public safety. There is nothing in the officer's testimony given at the time of the hearing upon the motion to suppress which would show that he had probable cause to believe that the appellant was armed with a dangerous weapon or that his safety was in danger. The entire circumstances do not reflect that a reasonably prudent person under such circumstances would have been warranted in a belief that his safety or that of others was in danger. The search was therefore not justified under the Florida Stop and Frisk Law (Section 901.151, F.S.) nor did it comply with case law construing the limitations of a permissible and constitutional stop and frisk. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Vollmer v. State, 337 So.2d 1024 (Fla.App. 2nd District) 1976.
The officer's belief that the appellant was intoxicated did not authorize the officer either to arrest or search the appellant's person, for the criminal offense of "public drunkenness" was abolished by the Legislature in 1971. (Ch. 71-132 Laws of Florida). Nor was the search or arrest of appellant reasonable under the circumstances above outlined on the premise of treatment as provided by the provisions of Section 396.072(7) F.S. There is no evidence that the appellant was incapacitated or in need of emergency medical treatment the one or the other of which such circumstances must exist before the officer is authorized to take an intoxicated person to a treatment center under the provisions of said section of the statutes of Florida.
We therefore reverse and remand to the trial court with direction to vacate the judgment and sentence and to discharge appellant.
IT IS SO ORDERED.
McCORD, Acting C.J., and DREW, E. HARRIS, Associate Judge, concur.