362 So.2d 138 (1978)
Leveral "Sparky" RAFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. W-412.
District Court of Appeal of Florida, First District.
September 8, 1978.
*139 Guillermon A. Ruiz and Philip J. Padovano, of Ruiz & Padovano, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The facts of this case are sufficiently set forth in prior opinions entered in this cause.[1] Pursuant to the mandate of the Supreme Court, the sole issue for our determination is whether Raffield consented to the warrantless search of his barn.
Where consent is relied upon to justify a warrantless search, the State has the burden of proving that the consent was freely and voluntarily given and was not mere acquiescence to apparent authority. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Such consent must be established by clear and convincing evidence. Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966).
The transcript of the suppression hearing reveals that the State was not relying on consent to justify the warrantless search. What was said and done at Raffield's farm immediately prior to the search was not even mentioned in the State's presentation. After the State rested, John Van Tronk, an agent of the Florida Department of Law Enforcement, was called by the defense. He stated that nine law enforcement officers from various state, local and federal agencies in four or five vehicles went to Raffield's farm after receiving instructions to search the barn. Raffield was in front of his house when the officers arrived. Van Tronk told Raffield that the officers were going to search the barn and asked Raffield if he wanted to go down to the barn with them. Raffield got in the car with Van Tronk. When they arrived at the barn Van Tronk said, "We're going to *140 search the barn now", and Raffield replied, "Well, it's in there" or "I'm guilty" or words to that effect.
"Acquiescence which is resignation  a mere submission in an orderly way to the actions of arresting agents  is not that consent which constitutes an unequivocal, free and intelligent waiver of a fundamental right." United States v. Gregory, 204 F. Supp. 884 (S.D.N.Y. 1962).
Clearly, there was no consent to the warrantless search at Raffield's barn. The trial court erred in denying Raffield's motion to suppress the evidence, and therefore the judgments of conviction and sentences are reversed.
McCORD, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge, dissenting.
In my view Raffield's words coupled with his actions constituted consent rather than mere acquiescence, submission or resignation. I would affirm.
NOTES
[1] Raffield v. State, 333 So.2d 534 (Fla. 1st DCA 1976), quashed in part and remanded, 351 So.2d 945 (Fla. 1977).