364 So.2d 821 (1978)
Nathaniel INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1096.
District Court of Appeal of Florida, Fourth District.
November 15, 1978.
Rehearing Denied December 20, 1978.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellant was tried and convicted of possession of a firearm by a convicted felon. He appeals the trial court's denial of a motion to suppress the firearm. We reverse.
Two uniformed officers were staked out in a vacant apartment in West Palm Beach observing activity on the street. They observed appellant carrying a paper bag, stopping people on the street and having them look into the bag. The officers testified they suspected the bag contained contraband of some sort but did not testify they suspected it contained a gun. Appellant went inside a poolroom and the officers followed him there and asked him to come outside. After they were outside, one of *822 the officers asked to look in the bag and appellant silently handed it to him while another officer held on to appellant's belt, since appellant appeared to be "going west on 3rd Street." There is no additional evidence as to the voluntariness of appellant's actions in following the officers outside and turning over the bag. Since the officers did not have a search warrant, they could conduct a search only if the search was (1) incident to lawful arrest,[1] (2) a consensual search,[2] or (3) under the stop and frisk statute.[3]
The parties stipulated that this was not a search incident to arrest. Under the Florida stop and frisk statute an officer may temporarily detain a person for questioning if the circumstances reasonably indicate that the person has committed, is committing or is about to commit a criminal violation.[4] If the officer has probable cause to believe that the person he has properly detained or is about to properly detain is armed with a dangerous weapon and offers a threat to the safety of the officer, he may search the individual to the extent necessary to disclose and for the purpose of disclosing a weapon.[5] If either the stop is improper or there is no probable cause to believe the subject is armed, then any evidence seized is not admissible at trial under the stop and frisk statute.[6] In this case, "there is nothing in the officer's testimony given at the time of the hearing upon the motion to suppress which would show that he had probable cause to believe that the appellant was armed with a dangerous weapon or that his safety was in danger".[7] Furthermore, the act of approaching people on the street and having them look into a brown paper bag is not, by itself, an act reasonably indicating criminal conduct. Therefore, the search was not permissible under the stop and frisk statute.
Consent, then, is the remaining basis for upholding the search and seizure, if it is to be upheld. The question is whether the defendant gave his consent to search the paper bag. Submission to the apparent authority of an officer is not necessarily consent to search and a mere showing of acquiescence without at least tacit consent is not sufficient to prove consent.
A distinction is recognized ... between submission to the apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for an occupant to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited or agreed to the search.[8]
Furthermore, the State has the burden of proving consent.
When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that consent was, in fact, freely and voluntarily given (cases cited). This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority.[9]
When the officers asked the appellant to follow them outside and for a look into the bag and appellant silently complied, this was nothing more than submission to the apparent authority of the officer in the *823 absence of any clear and convincing evidence affirmatively showing consent.[10]
The order denying the motion to suppress is REVERSED.
DOWNEY, C.J., and LETTS, J., concur.
NOTES
[1] Brant v. State, 349 So.2d 674 (Fla. 3d DCA 1977).
[2] Mobley v. State, 335 So.2d 880 (Fla. 4th DCA 1976).
[3] Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976).
[4] § 901.15(2), Fla. Stat. (1975); Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977).
[5] § 901.15(2), Fla. Stat. (1975); Baker v. State, 316 So.2d 657 (Fla. 1st DCA 1975).
[6] § 901.15(6), Fla. Stat. (1975); Whitley v. State, supra; Bennett v. State, 344 So.2d 315 (Fla. 1st DCA 1977).
[7] § 901.15(5), Fla. Stat. (1975); Bennett v. State, supra.
[8] Bailey v. State, 319 So.2d 22 (Fla. 1975); Tolavera v. State, 186 So.2d 811 (Fla.2d DCA 1966).
[9] Mobley v. State, supra.
[10] Bailey v. State, supra; Mobley v. State, supra.