370 So.2d 853 (1979)
John Scott HUSTED, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1830.
District Court of Appeal of Florida, Third District.
May 8, 1979.
Harvey Robbins, North Miami, John H. Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant pled nolo contendere below, reserving the right to appeal the denial of his motion to suppress the marijuana which formed the basis of the charge against him. The contraband was seized by Dade County Public Safety Department officers at the Miami International Airport after Husted gave them permission to search his luggage. He contends here that his consent was irremedially "tainted" by the fact that it was given after, as he contends and as the trial judge found, the police unlawfully stopped him in the airport concourse. See Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 835 (Fla. 1978) and cases cited.
We need not and specifically do not pass upon the issue of whether the stop *854 of the defendant was under the circumstances in any way improper,[1] because the trial judge specifically found:
"4. That the Defendant, in fact, freely and voluntarily consented to a search of his luggage after having been advised of his right to refuse said search.
5. That the consent given by the Defendant was not tainted by the initial unlawful stop."
The factual conclusion that the officers specifically told Husted of his right to withhold his consent is fully supported by the record. State v. Nova, 361 So.2d 411 (Fla. 1978); Rodriquez v. State, 189 So.2d 656 (Fla. 3d DCA 1966). And it is well-settled that the trier of fact may properly find that such a warning breaks the connection with any prior illegal police activity so as to render a subsequent consent un-"tainted," uncoerced, and truly voluntary in character. As the court said in Bretti v. Wainwright, 439 F.2d 1042, 1045, 1046 (5th Cir.1971), cert. denied, 404 U.S. 943, 92 S.Ct. 293, 30 L.Ed.2d 257 (1971):
"We need not here decide whether the arrest of appellant was legal or not, for, even if illegal, we think that the subsequent consent was untainted . .."
* * * * * *
While warnings prior to a consensual search may not have the same indispensability as those required prior to a confession ... they do help ensure that the consent is free, voluntary, and untainted by the arrest's possible illegality. In the instant case the presence of these warnings leads us to conclude that any coercion flowing from the possible illegality of appellant's arrest was dissipated. We therefore hold that the evidence supports the conclusion that appellant voluntarily consented to the search of his apartment."
Accord: St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978); Taylor v. State, supra, at 355 So.2d 180 ("Such an advisement by the officer given prior to the challenged consent might very well have broken the chain of presumptive coercion created by the prior illegal search; ..."); see Longo v. State, 157 Fla. 668, 26 So.2d 818 (1946); United States v. Fike, 449 F.2d 191 (5th Cir.1971). Since the denial of the motion to suppress was thus properly based upon the evidence and the applicable law, the judgment under review is
Affirmed.
NOTES
[1] But see the principles enunciated in United States v. Wylie, 186 U.S.App.D.C. 231, 569 F.2d 62 (1977), cert. denied, 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978).