383 So.2d 984 (1980)
STATE of Florida, Appellant,
v.
James Stewart CHAMPION, Appellee.
No. 79-112.
District Court of Appeal of Florida, Fourth District.
May 28, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, and Ondina Felipe, Asst. Attys. Gen., West Palm Beach, for appellant.
William B. Seidel, Fort Lauderdale, and Thomas G. Murray, Miami, for appellee.
BERANEK, Judge.
This is an appeal by the State from an order granting defendant's motion to suppress. The evidence was obtained in a pat-down search of the defendant when he was approached by police officers in an airport. The initial approach was pursuant to the so-called Markonni drug profile described in United States v. Elmore, 595 F.2d 1036 (5th Cir.1979). We reverse.
The search occurred in the Fort Lauderdale airport. Cocaine was found hidden on the defendant's person. Defendant moved to suppress and a hearing on the motion occurred in which three police officers testified on behalf of the State. Appellee did not testify.
A close reading of the transcript indicates much argument concerning the validity of the Markonni drug profile and whether this profile could form the basis of a defendant's being stopped and searched. We do not reach this issue because we conclude that the evidence presented at the hearing on motion to suppress clearly showed that defendant consented to the pat-down search.
The transcript on the motion to suppress indicates a great deal of argument and colloquy between counsel and the court and only limited actual testimony. The actual evidence was simply that two police officers approached defendant and identified themselves. They told the defendant they were involved in an investigation of drug trafficking and explained that their job was based only on general public cooperation. They explained that the defendant would have to consent to the search before it would be performed and that he did not have to give his consent. The testimony was that the defendant readily and spontaneously consented to the request to search by the officers. Both officers stated defendant was free to go at any time. There was no evidence of coercion.
We conclude that the trial court erred in suppressing this evidence. The State had the burden of demonstrating voluntary consent because the search was without a warrant. Here, the State met that burden by introducing clear and convincing evidence of defendant's consent. In Husted v. State, 370 So.2d 853, 854 (Fla.3d DCA 1979), the court considered a similar situation and stated:
As the court said in Bretti v. Wainwright, 439 F.2d 1042, 1045, 1046 (5th Cir.1971), cert. denied, 404 U.S. 943, 92 S.Ct. 293, 30 L.Ed.2d 257 (1971):

*985 "We need not here decide whether the arrest of appellant was legal or not, for, even if illegal, we think that the subsequent consent was untainted..."
* * * * * *
While warnings prior to a consensual search may not have the same indispensability as those required prior to a confession ... they do help ensure that the consent is free, voluntary and untainted by the arrest's possible illegality. In the instant case the presence of these warnings leads us to conclude that any coercion flowing from the possible illegality of appellant's arrest was dissipated. We therefore hold that the evidence supports the conclusion that appellant voluntarily consented to the search of his apartment."
We believe this case to be governed by the same rationale. The order suppressing the evidence is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.