ERVIN, Judge,
dissenting.
I dissent. Stone appeals his adjudication of guilt for possessing 100 pounds of cannabis with intent to sell or deliver, entered after pleading nolo, while reserving his right to appeal the denial of his motion to suppress. I would reverse because I feel no lawful consent was given any of the officers to enter Stone’s truck.
After Stone, in a pick-up truck with camper top, was stopped by agricultural inspection officers for passing an agricultural inspection station, he was told that they “would need to take a look in his truck.” Stone paused briefly, then opened the back of his truck where several large, heavy boxes stood. One of the officers leaned inside the truck, opened a corner of a box and smelled marijuana. Stone was then arrested for failing to stop at an inspection station, brought back to the station and again asked if his truck could be inspected. Appellant responded by inquiring if they had the right to search his truck. One of the inspectors answered that they could look for agricultural products. Appellant assented. The truck was again opened, the officers again smelled marijuana and a deputy sheriff was summoned. Upon the deputy’s arrival, Stone refused to open his truck. After talking with the officers about the boxes, the deputy reached into the truck through a broken back window and tore a portion of an exposed plastic bag in one of the boxes, releasing what proved to be marijuana into his hand.
Since the deputy sheriff’s belief that the vehicle contained contraband was based only on the officers’ statements they had smelled marijuana, his warrantless seizure may be upheld only if it can be determined the consent furnished the inspectors was free and voluntary, so that the consent given them may in turn be viewed as transferred to the deputy. See Flynn v. State, 374 So.2d 1041 (Fla. 1st DCA 1979).
I think it necessary to restate some elementary principles regarding consent to a lawful search. When the state conducts a warrantless search, the burden is upon it to show by clear and convincing evidence that the consent was lawfully obtained. See King v. State, 371 So.2d 120 (Fla. 1st DCA 1978); Hunt v. State, 371 So.2d 205 (Fla. 2d DCA 1979). That burden is not met when the response given is equivocal. Raffield v. State, 362 So.2d 138 (Fla. 1st DCA 1978). And the state must establish more than simply silent acquiescence to a request to enter. Cf. Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978). Finally, the voluntar-iness of the consent must be determined from a consideration of all the circumstances. Bailey v. State, 319 So.2d 22, 27 (Fla.1975).
The initial entry into appellant’s truck was achieved by appellant’s compliance with the inspector’s statement that he needed to look inside it. The facts here are hardly distinguishable from those in Raffield v. State, supra, where we invalidated a seizure which the state sought to justify as consensual upon facts showing that defendant acquiesced to an officer’s request that “we’re going to search the barn now” and defendant replied, “Well, it’s in there,” or *364 “I’m guilty.” 362 So.2d at 139-40. Compare also Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975) (seizure invalidated when defendant complied with the third request of an inspector that the door to his truck be opened), and Ingram v. State, supra (seizure invalidated on facts showing defendant’s silent compliance with the officers’ request to look inside a bag).
Since we are required to consider all the circumstances surrounding the purported voluntary consent, the facts involved in the two later intrusions here militate even more strongly against the state’s reliance upon consensual admittance. The second entry into the truck was hardly supported by an unequivocal consent, but was accomplished only after the inspector responded to defendant’s inquiry by advising him he had the right to look for agricultural products. Compare Villari v. State, 372 So.2d 522 (Fla. 1st DCA 1979) and Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978). Finally, the deputy’s intrusion, in the absence of voluntary consent, cannot be justified on any theory of warrantless search.
I would reverse.