389 So.2d 1204 (1980)
Gilberto CORREA, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-829.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied November 24, 1980.
*1205 John H. Lipinski, Pollack, Komorowski, Casuso & McHale, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
BASKIN, Judge.
In this appeal, defendant Correa questions the denial by the trial court of his motion to suppress. Defendant pled no contest to charges of possession with intent to sell a controlled substance (cocaine) and reserved his right to appeal. The trial court found defendant had voluntarily consented to the search. We hold the record does not support the trial court's decision, and we reverse.
Defendant Correa, traveling to Hawaii from Miami International Airport with only a tote bag and no other luggage, was asked by two officers for identification. He produced a Pan American identification card in his correct name identifying him as a Pan American employee. The officers asked him to accompany them to a less congested area. When defendant Correa left his tote bag behind, he was told to bring it with him.
Detective Johnson requested permission to search the tote bag. At the hearing on the motion to suppress, Detective Johnson did not testify. Officer Sadtler testified that Detective Johnson advised defendant he could refuse to be searched, but Officer Sadtler did not hear defendant Correa respond and did not know whether defendant Correa had heard or understood what was said. Defendant Correa testified that he did not remember being told he had a right to refuse permission to search and would not have allowed the search if he had known his rights. Examination disclosed that the bag contained a packet of cocaine rolled up inside some clothing.
Our review of the record leads us to the conclusion that the trial court erred in finding that defendant Correa consented to the search. When defendant was asked to accompany the police officers, he agreed to do so only because he did not feel that he had a choice. He was told to bring his bag with him. He did not consider refusing permission to a police officer because "when a police officer says to you `I want to ask you some questions and I want to look in your bag', that is exactly what you have to do." He testified that he did not know he could refuse the search in the face of a show of authority.
The case before this court falls under the well recognized principles of law recognizing a distinction "between submission to the apparent authority of a law enforcement officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather for a person to waive his search and seizure rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. Bailey v. State, 319 So.2d 22, 27 (Fla. 1975); Talavera v. State, 186 So.2d 811 (Fla.2d DCA 1966)." Taylor v. State, 355 So.2d 180, 183 (Fla.3d DCA 1978), cert. denied, 361 So.2d 835 *1206 (Fla. 1978); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
Defendant Correa's testimony was that he did not hear or understand his right to refuse the search. That testimony was unrebutted. Officer Sadtler testified he heard defendant being given his rights, but Detective Johnson did not testify. Officer Sadtler could not say whether defendant Correa heard or understood his rights. At no time did defendant Correa verbally consent to the search. The state, therefore, failed to meet its burden of proving consent by clear and convincing evidence. Raffield v. State, 362 So.2d 138 (Fla. 1st DCA 1978).
We need not reach the issues concerning any unlawful detention prior to the search because our holding that defendant Correa gave no consent makes the determination of those issues unnecessary. We reverse the judgment below and remand the cause with directions to discharge the defendant.
Reversed and remanded.