389 So.2d 1207 (1980)
The STATE of Florida, Appellant,
v.
Lance PARSONS, Appellee.
No. 80-681.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied November 26, 1980.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for appellant.
Joseph Mincberg, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
BARKDULL, Judge.
After the defendant was arrested, he was informed that he did not have to give consent *1208 to a search of his bag at Miami International Airport, but if he did not give his consent the police officers would attempt to secure a search warrant. Thereafter, the defendant executed a written consent form to search a bag which had been checked in connection with an airplane flight, to which bag the defendant held a claim check. The search resulted in the discovery of narcotics paraphernalia and contraband in the bag. A subsequent search of the defendant revealed contraband on his person.
The trial court granted a motion to suppress the tangible evidence, based upon a finding of no probable cause to arrest the defendant and, therefore, the consent was tainted under the reasoning of Bailey v. State, 319 So.2d 22 (Fla. 1975); Taylor v. State, 355 So.2d 180 (Fla.3d DCA 1978); State v. Frost, 374 So.2d 593 (Fla.3d DCA 1978); United States v. Jones, 475 F.2d 723 (5th Cir.1973).
We reverse as to all that occurred after the execution of the waiver and find that same was voluntarily signed. Husted v. State, 370 So.2d 853 (Fla.3d DCA 1979); State v. Champion, 383 So.2d 984 (Fla.4th DCA 1980); Bretti v. Wainwright, 439 F.2d 1042 (5th Cir.1971), cert. denied, 404 U.S. 943, 92 S.Ct. 293, 30 L.Ed.2d 257 (1971). The defendant was told he did not have to execute the waiver. Compare State v. Cobb, 243 S.E.2d 759 (N.C. 1978).
Therefore, the order granting the motion to suppress is reversed and this cause is remanded for further proceedings in light of this opinion.
Reversed and remanded, with directions.