389 So.2d 1203 (1980)
Alexander Humphrey MAJOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-20.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied November 24, 1980.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.

ON MOTION FOR REHEARING GRANTED
SCHWARTZ, Judge.
This is an appeal from a conviction for possession of cocaine pursuant to a nolo plea which reserved the right to appellate review of the denial of the defendant's motion to suppress the drugs in question. The cocaine was found by an airport narcotics squad officer in a Benzedrex inhaler which the officer had secured from Major's tote bag. The basis of the ruling below was that the defendant had consented to the search. Even considered in the required light most favorable to the state,[1] the record does not support this finding. We therefore reverse the judgment below.
Officer Johnson, who conducted the warrantless search, stated only that when asked if he "would mind" if the officers checked his tote bag,

*1204 "Mr. Major consented by asking a question, `Do you mind if I open it?' and I replied, `No. Go ahead.'" [e.s.]
The defendant never thereafter even surrendered possession of the tote bag. Instead, obviously out of a desire to forestall any more "searching" inquiry into its contents, he continued to hold the bag while he removed various items (none of which contained contraband) and displayed them to the police. Without further conversation, Johnson reached into the tote bag, and, after "rummaging" around for a moment, seized the inhaler which Major had deliberately not himself removed and which therefore remained inside.
The most that can be said about Major's response to the officer's actual search of the tote bag is that he did not actively or physically resist it. But, as we pointed out in Taylor v. State, 355 So.2d 180, 183 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 835 (Fla. 1978):
A distinction is recognized in the law between submission to the apparent authority of a law enforcement officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for a person to waive his search and seizure rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. Bailey v. State, 319 So.2d 22, 27 (Fla. 1975); Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966). [e.s.]
See also, Correa v. State, 389 So.2d 1204 (Fla. 3d DCA 1980). Major's only verbal statement was a request that he himself be permitted to "open" the bag; his conduct likewise evinced the direct antithesis of a willingness for the officers to search it. It is plain that these circumstances provide no evidence at all, much less the clear and convincing showing required by Florida law, Norman v. State, 379 So.2d 643, 647 (Fla. 1980), that the defendant permitted, invited or agreed to the police search. As in the remarkably similar cases of Luxenburg v. State, 384 So.2d 742 (Fla. 1st DCA 1980) and Raffield v. State, 362 So.2d 138, 140 (Fla. 1st DCA 1978), see also, Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978), we therefore hold that the defendant did not validly consent to the warrantless search.[2] As there is no other even arguable basis to support the seizure of the cocaine, the judgment below is consequently reversed and the cause is remanded with directions to discharge the defendant.
Reversed and remanded.
NOTES
[1] Royer v. State, 389 So.2d 1007, at note 2 (Fla. 3d DCA 1980) (en banc).
[2] The parties have extensively argued the questions of (a) whether Major had been improperly "stopped" by the officers and (b) if so, whether the fact that, as in Husted v. State, 370 So.2d 853 (Fla. 3d DCA 1979), he was told he had a right to refuse to agree dissipated the presumption that any subsequent consent was involuntary. See, Norman v. State, supra; compare Royer v. State, supra, at 1020, with State v. Parsons, 389 So.2d 1207 (Fla. 3d DCA 1980). We do not reach these issues because of our conclusion that the defendant gave no consent at all-voluntary or involuntary-to the search in question.