390 So.2d 92 (1980)
The STATE of Florida, Appellant,
v.
Errol HENRY, Appellee.
No. 79-1387.
District Court of Appeal of Florida, Third District.
October 28, 1980.
Rehearing Denied December 8, 1980.
*93 Janet Reno, State's Atty., for appellant.
Cease & Cease and Allan A. Cease, Miami, for appellee.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the State of an order granting the defendant's motion to suppress evidence.[1] The defendant purchased a ticket at the Miami International Airport for transportation to Los Angeles, California. Shortly thereafter two police officers approached him for questioning and subsequently searched his suitcase in which they found marijuana. Defendant's motion to suppress the marijuana was granted. The State appeals the suppression order. We reverse upon a holding that the order was error under the law as applied in Husted v. State, 370 So.2d 853 (Fla. 3d DCA 1979), and authorities cited therein.
The distinctive factor in this case is that at the suppression hearing the testimony of the two police officers[2] as to the occurrences prior to, and at the time of, the search was uncontroverted. A great deal of argument is presented upon the question of whether the defendant was lawfully stopped and questioned. As we understand the issue here involved, the question of the stop and questioning is not relevant to our decision because it is the undisputed testimony of the police officers that the defendant freely and voluntarily consented to a search of his luggage after having been advised of his right to refuse permission for the search. See, State v. Parsons, 389 So.2d 1207 (Fla.3d DCA 1980); State v. Champion, 383 So.2d 984 (Fla. 4th DCA 1980); compare, Royer v. State, 389 So.2d 1007 (Fla.3d DCA 1980).
There is no evidentiary basis for the trial judge's finding that the search was unlawful, and we must conclude that he applied an erroneous rule of law. Therefore, the order granting defendant's motion to quash the fruits of the search must be reversed.
Reversed and remanded.
NOTES
[1] The appeal is authorized by Section 924.071(1), Florida Statutes (1979), and Fla.R. App.P. 9.140(c)(1)(B).
[2] Only the officers testified at the hearing.