394 So.2d 440 (1981)
The STATE of Florida, Appellant,
v.
Jerry Lamon HOWARD, Appellee.
No. 79-1338.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Rehearing Denied March 13, 1981.
*441 Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Mark Silverstein, Miami Beach, for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review which suppresses certain evidence in a criminal case below is reversed and the cause is remanded to the trial court for further proceedings upon a holding that: (1) the warrantless search of the defendant's tote bag by the police was reasonable within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution as it was conducted pursuant to the defendant's free and voluntary consent, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Grimes v. State, 244 So.2d 130, 133 (Fla. 1971), which consent was untainted by an alleged prior illegal seizure of the defendant because (a) no seizure had been accomplished when the subject consent was given, State v. Frost, 374 So.2d 593 (Fla. 3d DCA 1979), and (b) even assuming such prior illegal seizure had been accomplished at the time the subject consent was given, the taint therefrom was dissipated by subsequent police advisements that the defendant had a right to refuse said search, Husted v. State, 370 So.2d 853 (Fla. 3d DCA 1979); St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978); and (2) the warrantless search of the defendant's person by the police, which yielded the contraband suppressed below, was reasonable within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution as it was conducted incidental to a valid arrest of the defendant based, as it was, on the total circumstances of the case including certain incriminating evidence properly seized from the defendant's tote bag. State v. Gustafson, 258 So.2d 1 (Fla. 1972), aff'd, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); § 901.21, Fla. Stat. (1979).
Reversed and remanded.