HERSEY, Judge.
The state appeals an order suppressing as evidence cocaine which was found in the trunk of an automobile.
At approximately 8:30 p. m. on September 7, 1979, confidential informant George Alvarez advised the base operator for the local Federal Drug Enforcement Agency [F.D.E.A.] that Mario Pimienta, brother of defendant Oscar Pimienta, was going to be involved in a cocaine transaction later that evening at 2220 S.W. 67th Lane, Miramar. Alvarez then spoke directly by telephone to Agent Francar, informing Francar that he was with Mario who would be handling a transaction for ten kilos of cocaine that night and that Oscar was transporting the cocaine from Miami to Broward in a red Nova automobile. Subsequently, Alvarez advised the base operator that he had left the house to pick up some ice and that another vehicle would be leaving to take a sample of cocaine to a Burger King. Still later, Alvarez informed the base operator that he had observed a half of a kilo of cocaine in the trunk of the Nova, which was parked in front of the house.
All of the informant’s communications were relayed by the base operator to the officers, including Francar, who had initiated surveillance of the residence at the specified address. Francar had advised the other agents of the contents of his conversation with Alvarez.
The red Nova was observed at the residence in question. During the course of surveillance, several people came out of the house, opened the trunk of the Nova and stood there. They then returned to the house. Subsequently, two males exited the house, entered the Nova and began to drive away.
The Nova was stopped by the F.D.E.A. agents and its occupants, defendants Casta-ño and Lopez, were arrested. After obtaining the trunk key from Lopez, the officers opened the trunk of the Nova and found half a kilo of cocaine in a plastic bag which had been placed inside a brown paper sack. The paper sack was open at the top.
Those persons inside the house, the remaining defendants, were also arrested.
Initially, I note that three of the defendants had no standing to challenge the search. Being neither occupants of the ear nor claiming a possessory interest therein, they had no reasonable expectation of privacy. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Norman v. State, 388 So.2d 613 (Fla.3d DCA 1980).
More importantly, though, the trial court’s conclusion that there was no probable cause to search because the testimony did not explain how the informant obtained the information on which the search was based is not supported by substantial competent evidence. Alvarez told the agents that he was with Mario, later, that he was leaving the house to get some ice and finally, that he observed cocaine in the trunk of the Nova parked in front of the house. Thus, it is obvious that Alvarez was with Mario Pimienta at the specified address and that he was privy to the planning of the drug transaction.
Further, there was sufficient evidence of the informant’s reliability as well as the reliability of the information he relayed. As revealed by the facts, much of the information provided by Alvarez was corroborated by the officers’ observations.
Lastly, there were exigent circumstances which, when coupled with the probable cause, support the warrantless search of the automobile. The inherent nature of a moving automobile constitutes an exigent circumstance making its search upon probable cause but without a warrant constitu *985 tionally reasonable. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); G.J.S. v. State, 393 So.2d 14 (Fla. 5th DCA 1980). Here, not only was a moving and moveable vehicle involved, butf one of the participants to the transaction had fled, thereby posing a threat to preservation of the contraband.
The facts supporting probable cause to search also provided a basis for a valid arrest of Lopez. Therefore, use of the trunk key obtained from Lopez did not taint the seizure of the cocaine, making it a fruit of an illegal arrest.
Accordingly, the order of suppression is reversed and this cause is remanded for trial.
BERANEK, J., concurs.
MOORE, J., dissents without opinion.