WENTWORTH, Judge.
Madrict pled nolo contendere to the crime of carrying a concealed firearm contrary to § 790.01, Florida Statutes (1979), properly preserving her right to appeal. Her appeal presents two issues, relating to denial of a motion to suppress and motion for discharge under the speedy trial rule. We find no grounds for reversal.
Madrict was working as a convenience store clerk at approximately 1:00 a. m., March 5, 1980, when she summoned the police, complaining that a man was harassing her. After talking with the man and Madrict, the officers determined that no charges would be filed and began to get into the patrol ear with Madrict because they had agreed to take her home. At that point, the man shouted that Madrict had a pistol in her purse. When one of the officers asked Madrict if she could look in her purse, Madrict handed it to her and told her there was a gun inside. The officer looked in the purse, discovered a pistol and arrested Madrict for carrying a concealed fire *1153 arm. Based on these facts, a motion to suppress the gun and the statement was filed. The motion was denied by the trial judge, who found that the alleged illegal search and seizure “was permissible under the Stop and Frisk Statute.”
On appeal, Madrict maintains that the motion was improperly denied because searching her purse under these circumstances was not an action which may be considered a “stop and frisk,” but instead is a search requiring probable cause. Appellant contends the shouted warning from the person in question did not establish probable cause for a search because of a conceded lack of knowledge of reliability.
We find the distinction between a “stop and frisk” and a search is academic in this case. It is clear from the facts as presented by appellant that she freely consented to the action taken. There is no suggestion that she was coerced into going with the officers, and we must therefore assume she voluntarily accepted a ride in the patrol car. Further, there is no evidence to support appellant’s contention that she complied with the officer’s request to look in her purse only because she believed that she had no other choice. On the contrary, the record indicates that Madrict promptly handed over the purse and volunteered the information that it contained a gun. These circumstances do not show the existence of a coercive atmosphere requiring that she be informed of her right to refuse the request. See Shapiro v. State, 390 So.2d 344, 348 (Fla.1980); cf., Correa v. State, 389 So.2d 1204 (Fla. 3d DCA 1980); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
The remaining argument by appellant is also without merit, and the conviction is affirmed.
ERVIN and ÍOANOS, JJ., concur.