411 So.2d 946 (1982)
STATE of Florida, Appellant,
v.
Michael A. MILLIGAN, Appellee.
Nos. 81-1251, 81-1252.
District Court of Appeal of Florida, Fourth District.
March 24, 1982.
*947 Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellee.
DELL, Judge.
The State appeals from the trial court's order granting appellee's motion to suppress evidence and statements. We reverse.
Appellee was charged by information with violating Sections 893.03(2)(a)4 and 893.13(1)(a)3, Florida Statutes, by actual or constructive possession of cocaine. Appellee filed motions to suppress the physical evidence of a tin foil packet and the self incriminating statement he made to police about dropping the packet in a parking lot.
It was determined at a hearing on the motion to suppress that the probable cause affidavit had been prepared by one police officer but signed by another. Both officers took part in the events leading up to and including the arrest of the appellee. There was no showing by the appellee that there had been any irregularity in the manner in which the statement was obtained or in the manner in which the evidence was seized. The trial judge commented that he had no problem with the credibility of the witnesses but that he was concerned with the credibility of the police department in permitting the probable cause affidavit to be executed in the manner in which it was.
While we agree with the trial judge that the actions of the Plantation Police Department in the preparation and execution of the probable cause affidavit should not be condoned, we cannot agree with his order granting the defendant's motion to suppress the evidence and the statements. As the trial court noted,
It has nothing whatsoever to do about whether Michael Milligan did or did not have or possess cocaine and did or did not confess or anything. It has nothing to do with that except that it goes as to the credibility of your police department.
Although the trial judge was correct in his observations as far as the poor police procedures, it did not affect the propriety of the seizure of the cocaine and the statements which were obtained. It was inappropriate for the trial judge to sanction the Plantation Police Department by granting the motion to suppress. The appellee's statement was made after he had been fully informed and understood his Miranda rights and there was no showing that the cocaine was seized in violation of the Fourth Amendment prohibition against unreasonable search and seizure. No search occurs when police retrieve property voluntarily abandoned by a suspect in an area where the latter has no reasonable expectation of privacy. State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979); Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980); Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972).
The order of the trial court granting the appellee's motion to suppress the evidence and statements is reversed.
REVERSED.
ANSTEAD and HURLEY, JJ., concur.