415 So.2d 82 (1982)
STATE of Florida, Appellant,
v.
James Riley DAVIS, Appellee.
No. 81-340.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
*83 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Frank B. Kessler of Zwickel, Gross & Kessler, Lake Worth, for appellee.
WALDEN, Judge.
The State challenges the correctness of a trial court order granting Defendant's two motions to suppress marijuana and cocaine which had been seized by police officers. We reverse.

Case No. 5584
Two undercover officers in an unmarked car were approached by defendant, Davis, on a bicycle. Defendant was holding a brown paper bag. Defendant asked the officers what they wanted. The officers, based on their experience, understood this to mean that defendant wanted to know what drugs they wanted to buy. At that point defendant recognized one of the officers as a narcotics agent who had previously bought drugs from defendant and who had previously arrested defendant. Defendant began to flee. During the pursuit defendant abandoned the bicycle, dropped the paper bag, and continued on foot. One officer picked up the bag while the other continued to chase defendant. Upon feeling the brown paper bag the officer felt packets similar to nickel bags of marijuana. The officer then reached inside and, sure enough, there were 18 nickel bags of marijuana, which bags normally sell for $5.00 each.
Defendant was finally caught and taken for booking. At that point the officer observed the defendant reach into his back pocket, then place something in his mouth, and began chewing. The officer removed from defendant's mouth a small glassine zip-lock bag with a white substance in it that was consistent with the appearance of cocaine and which upon field test proved to be cocaine. It was seized.
As to the marijuana in the paper bag, we hold under the facts that defendant clearly abandoned it in a way and area where he had no reasonable expectation of privacy and, hence, cannot claim a Fourth Amendment violation of his rights. State v. Nittolo, 317 So.2d 748 (Fla. 1975); State v. Oliver, 368 So.2d 1331 (Fla.3d DCA 1979) cert. dismissed 383 So.2d 1200 (Fla. 1980); and State v. Schultz, 388 So.2d 1326 (Fla.4th DCA 1980); Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972); Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980); State v. Milligan, 411 So.2d 946 (Fla. 4th DCA 1982).
Defendant argues there was a failure on the part of the State to prove the *84 identity of defendant at the suppression hearing as being the individual the officers encountered. Anderson v. State, 92 Fla. 477, 110 So. 250 (1926). Anderson stands for the proposition that a person charged must be identified in order for that person to be "convicted". We agree. However, we are not aware of any requirement that a defendant must be positively identified at a suppression hearing and no authority to that effect has been furnished. Instead the critical issue at a hearing on a motion to suppress is whether the search and seizure was lawful, that is, whether Fourth Amendment rights were violated.
Defendant relies upon Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978) as being a similar situation where officers impermissibly searched a paper bag. We disagree as to the applicability of Ingram because of the difference in facts. In Ingram officers observed that defendant was carrying a paper bag, stopping people in the street and having them look into the bag. Officers confronted Ingram and while one officer held him by the belt the officer asked for the bag, looked inside and found a gun. Without reviewing the criteria discussed in Ingram, we note that it did not encompass the distinguishing action of abandonment of the bag and the loss of a reasonable expectation of privacy. In sum, the Ingram case has no application.
As to the cocaine taken from defendant's mouth, the defendant does not contest the State's assertions and authorities as to the propriety of that seizure. We decide that the trial court erred in suppressing the cocaine since it was seized incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (Fla. 1973); and United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974).

Case No. 80-5120
Defendant was a passenger in a car lawfully stopped. Marijuana was seized from the interior of the car. We hold that defendant lacked standing to object to the search and seizure. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). See also Inchaustegui v. State, 392 So.2d 319 (Fla. 4th DCA 1980), pet. for review denied, 402 So.2d 610 (Fla. 1981); and State v. Muzevsky, 388 So.2d 21 (Fla. 4th DCA 1980); State v. Adamosky, 407 So.2d 983 (Fla. 4th DCA 1981); Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1981); State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981); Norman v. State, 388 So.2d 613 (Fla. 3d DCA 1980).
Reversed and Remanded.
LETTS, C.J., and BERANEK, J., concur.