PER CURIAM.
The state appeals an order suppressing a plastic bag of cocaine. We reverse.
Two deputies were patrolling a “high drug area” of Lee County in a marked vehicle. They turned onto Bessie Court, which is described as a cul-de-sac. Three or four subjects, including appellee Marvin Thomas, scattered at the approach of the patrol car. Thomas ran around and behind a nearby house, which the deputies knew was not his residence. One of the deputies followed on foot and observed Thomas kneeling and reaching underneath the house. Thomas then ran twenty to thirty feet away and stood beneath a tree looking upward. At this juncture he was arrested for loitering. Thomas told the arresting officer that he had gone into the yard to look for a mango; he denied having been near the house. The second deputy was directed to the spot where Thomas had been kneeling, and he recovered the bagful of cocaine.
The trial court suppressed the evidence based on his belief that the deputies had no right to “chase them down and find out why they ran.” It is true that flight from police, even in a so-called “high crime area,” may not provide the founded suspicion necessary for an investigatory detention. Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). However, in the present case Thomas appears to have abandoned the contraband prior to any detention or other affirmatively intrusive act by the deputies. Thus he cannot claim a violation of his Fourth Amendment rights. State v. Davis, 415 So.2d 82 (Fla. 4th DCA 1982).
Reversed.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.