SCHWARTZ, Chief Judge.
The adjudication of delinquency is reversed because the trial judge erroneously refused to suppress the drugs which were the basis of the charge. This conclusion is based upon the determinations that (a) the officers effected a non-consensual Terry stop by physically preventing him from proceeding on his way, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979); (b) the actions of the respondent in stuffing an ordinary paper bag in his pocket and walking away from the police after he had observed them fall woefully short of presenting the “founded suspicion” of unlawful activity which is necessary to justify such a stop, Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1979); and (c) any “consent” which may arguendo have been given by the juvenile for the search of the paper bag which revealed the contraband was tainted and rendered ineffective by the thus unlawful seizure. Norman v. State, 379 So.2d 643, 646-47 (Fla.1980); Ingram, 364 So.2d at 821.
Reversed.