# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-337
Lower Tribunal No. 12-293-P
_____


**Beau Strawder,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, William R. Ptomey, Jr., Judge.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.


Before SUAREZ, C.J., and SHEPHERD and SCALES, JJ.

SCALES, J.

Appellant Beau Strawder appeals the trial court's denial of his motion to suppress evidence that contributed to Strawder's convictions, in separate jury trials, of (i) possession of a firearm by a convicted felon, and (ii) possession of cocaine. We agree with the trial court that Strawder had no objectively reasonable expectation of privacy in the contents of a black box that Strawder placed in a garbage can. Therefore, we affirm.

## I. Facts

Strawder and a companion were in a home in Plantation Key, Monroe County, when a fire broke out in an RV that was parked on the lawn of a neighboring house.

A police officer, responding to the fire, entered the home (with the consent of the homeowner), and advised Strawder and his companion that the fire could spread and they should evacuate for their own safety. At the time, Strawder was holding what appeared to the officer to be a black box.

Strawder and his companion left the home. Shortly thereafter, the police received a call reporting two males acting suspiciously in the neighborhood where the fire was occurring. The caller said that one of the men placed an item in a garbage can in front of one of the residences in the neighborhood, and then left the immediate area.

The same police officer who had advised Strawder to evacuate the trailer observed Strawder and his companion walking on the street and approached them. At this point, Strawder was no longer in possession of the black box. While the police officer did not suspect that Strawder and his companion were involved with setting the fire, the officer asked for and took down identifying information of Strawder and his companion.

Following up on the reported suspicious behavior, the police officer and a second officer looked into a wooden receptacle located several doors down from the area of the fire. This four-foot by four-foot wooden receptacle housed residential garbage cans. Inside one of the garbage cans, the officers found the black box. The officers spoke to the owner of the house where the garbage receptacle was located, and the owner told the officers that the black box did not belong to him and that the officers had his permission to retrieve the black box.

While the officers were photographing the black box, Strawder was observed walking back and forth in the area, without saying anything to the officers. After the officers retrieved the black box from the garbage can, Strawder approached the officers, claimed that the black box belonged to him, and that it contained cash and jewelry. Strawder told the officers that Strawder had stashed the black box in the garbage can to prevent it from being damaged by the fire.

The police officers, unsure of who owned the black box – as it had been discarded in a garbage can – then asked Strawder to open the black box in order to prove ownership.[1] When Strawder declined to open the black box, the officers offered Strawder a property receipt, which Strawder also declined. The officers told Strawder that Strawder could come to the police station and claim the black box.

In the following days, Strawder did not appear at the police station to claim the black box. The police applied for a search warrant to open the black box, but their application was denied because the police could not connect the black box to any crime.

Five days after retrieving the black box from the residential garbage can, the police x-rayed the black box.[2] The x-ray revealed the outline of a gun. The police then opened the black box and found a .45 caliber UZI pistol, two .45 caliber high-capacity magazines, more than three grams of cocaine (both powder and crack), $1251 in cash, Strawder's ID, and some other personal items.

The police arrested Strawder. He was charged with possession of a firearm by a convicted felon and possession of cocaine. Strawder moved to suppress the contents of the black box. After conducting an extensive evidentiary hearing on

---

[1] The officer testified that he was unable to verify that this black box was the same black box that Strawder carried out of the home while being evacuated.

[2] The black box turned out to be a small safe.

Strawder's motion to suppress, the trial court denied Strawder's motion. The trial court concluded that Strawder had abandoned the black box and did not have a reasonable expectation of privacy in the black box's contents. Strawder was subsequently convicted in two, separate jury trials.

Strawder appeals his convictions, citing as error the trial court's denial of his motion to suppress the contents of the black box.

## II. Standard of Review

A motion to suppress evidence generally involves a mixed question of fact and law. The trial court's factual determinations will not be disturbed if they are supported by competent substantial evidence, while the constitutional issues are reviewed de novo. Seibert v. State, 923 So. 2d 460, 468 (Fla. 2006).

## III. Analysis

In asserting that the trial court reversibly erred by denying his motion to suppress, Strawder argues that the police's warrantless search of the black box violated the Fourth Amendment's prohibition against unreasonable searches and seizures. The State responds by asserting that Strawder abandoned the black box when he placed it into a garbage can.

The issue in this case is not whether Strawder actually "abandoned" the black box, as this term is commonly understood in property law; but rather, whether Strawder – after placing the black box in a garbage can on another

5

person's property – abandoned a reasonable expectation of privacy in the black box's contents? <u>J.W. v. State</u>, 95 So. 3d 372, 375 (Fla. 3d DCA 2012). In determining whether a defendant's expectation of privacy is reasonable, courts employ an objective standard. <u>California v. Greenwood</u>, 486 U.S. 35 (1988).

In <u>California v. Greenwood</u>, the United States Supreme Court held that law enforcement personnel, in a search for evidence of illegal drugs, need not obtain a warrant to examine the contents of garbage bags placed on the street for trash collection because a defendant has no reasonable expectation of privacy in the contents of such garbage bags. By making one's garbage readily accessible to the public, one does not retain a privacy interest in its contents. <u>Id.</u> at 40.

In light of <u>Greenwood</u> and its progeny, even if we accept that Strawder was trying to protect his black box from being destroyed in the fire (and, therefore, intending to retain it as his property), when Strawder placed the black box into someone else's garbage can, <u>from an objective perspective</u> Strawder abandoned any reasonable expectation of privacy in the black box's contents by choosing the garbage can of a neighbor as the black box's refuge.

Understandably, Strawder urges us to examine and evaluate Strawder's subjective intent in discarding the safe, and apply the traditional notion of abandonment as used in property law. Indeed, under the facts of this case, it would be difficult to conclude that Strawder had abandoned the black box so that

Strawder's ownership claim would be inferior to another person who might have found the black box. As we have recently stated, however, abandonment under property law is fundamentally different from abandonment for Fourth Amendment purposes. J.W., 95 So. 3d at 375.

We examine two components of an abandonment in a Fourth Amendment context: (1) whether the defendant voluntarily relinquished or discarded the property; and (2) whether the property was relinquished or discarded in an area where the defendant had no claim to privacy. Twilegar v. State, 42 So. 3d 177, 193 (Fla. 2010); State v. Lampley, 817 So. 2d 989, 991 (Fla. 4th DCA 2002); State v. Milligan, 411 So. 2d 946, 947 (Fla. 4th DCA 1982).

When, as here, a person voluntarily places an item into someone else's garbage can, and then leaves the immediate vicinity of the garbage can – even if only for a few minutes – that person can reasonably expect a variety of possible occurrences, none of which are consistent with protecting Fourth Amendment privacy interests. For example, the contents of the garbage can might be collected by the trash hauler; the garbage might be rummaged by animals; or the item itself might be taken by scavengers or children or the puzzled owner of the garbage can.

**IV. Conclusion**

We agree with the trial court that when Strawder placed his black box in a garbage can on another person's property, and then left the immediate vicinity of

the garbage can, Strawder abandoned any reasonable expectation of privacy in the contents of the black box, so that no constitutional violation occurred when the police officers conducted a warrantless search of the black box's contents.

The trial court was correct to deny Strawder's motion to suppress evidence.

Affirmed.