185 N.J. Super. 424 (1982)
449 A.2d 536
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLEMENTE MERCADO BURGOS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 19, 1982.
Decided May 12, 1982.
*425 Before Judges BISCHOFF, KING and POLOW.
Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Randolph A. Newman, designated counsel, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KING, J.A.D.
This case presents the issue of a criminal suspect's right of privacy in a narcotics stash maintained in open view on a public street. Defendant was found guilty by a jury of possession of cocaine with intent to distribute, N.J.S.A. 24:21-19 a(1), and sentenced to a prison term of four years. On this appeal he contends that the Law Division judge erred in denying his motion to suppress.
On November 23, 1979 Detectives Tierney and Davis of the Paterson Police Department were conducting a narcotics surveillance *426 at Park Avenue and Summer Street. Both were specialized narcotics detectives. At about 3:15 p.m. defendant walked into the surveillance area and placed an object on the ground beneath the center passenger side of an automobile parked near the intersection. Defendant then lounged about the intersection. Shortly, a man approached defendant, spoke briefly with him, and placed paper money in his hand. Defendant then walked back to the vehicle, retrieved the object which he had placed underneath it several minutes before, removed something and replaced the object on the ground under the vehicle. Defendant then returned to the corner and gave something to the man who had handed him money. This ritual was repeated twice with two other people.
Based on their experience and defendant's reputation, the detectives concluded that they had observed three drug sales in which defendant had hidden his stash on the ground beneath the parked vehicle while selling on the street corner. They radioed headquarters for two back-up narcotics detectives, Rivera and DeStefano, and continued to observe defendant. The back-up arrived promptly; DeStefano detained defendant; Rivera went to the parked car and picked up an aspirin tin containing six packets of cocaine from the ground on the passenger's side.
Defendant contends that the warrantless inspection of the stashed aspirin tin and the discovery of the contraband cocaine violated the Warrant Clause of the Fourth Amendment of the federal constitution. He contends that "the proper course of action would have been to obtain a search warrant from a magistrate and then open the tin." We disagree and affirm.
We hold that defendant had no protected Fourth Amendment rights in the narcotics stash maintained remotely from his person. Defendant obviously used this cache of cocaine in a tin container on a public street underneath a parked car so if approached and searched by police he would not be caught physically in possession of narcotics. Usually the question of abandonment of property for Fourth Amendment privacy purposes *427 arises where an item is simply discarded, Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) (left behind in waste basket of vacated hotel room), or abandoned during flight, Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924) (bootleggers dropped a jug). See State v. Farinich, 179 N.J. Super. 1 (1981), aff'd 89 N.J. 378 (1982). For Fourth Amendment purposes we find this case to be simply another variation on the recognized theme of abandonment of personal property for purposes of constitutionally protected privacy.
We agree with the analysis of the Supreme Court of Minnesota, as presented in City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365 (1975), and as approved by the leading academic authority, LaFave, Search and Seizure, § 2.6 at 368 (1978). There police followed a suspect into a dry cleaning establishment and saw him tuck an object under a counter. They retrieved the item, an eyeglass case, and found syringes and other narcotics paraphernalia. Defendant maintained that he retained a privacy interest in the glass case even though he discarded it in a location to which any member of the public had equal access. He claimed an intention only to hide the case, not to relinquish his right of ownership. The Supreme Court of Minnesota rejected this analysis and declined to extend constitutional protection to property concealed in order to promote a criminal venture, saying
The distinction between abandonment in the property-law sense and abandonment in the constitutional sense is critical to a proper analysis of the issue. In the law of property, the question, as defendant correctly states, is whether the owner has voluntarily, intentionally, and unconditionally relinquished his interest in the property so that another, having acquired possession, may successfully assert his superior interest. Brown, Personal Property (3 ed.) § 1.6. In the law of search and seizure, however, the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. Cf. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for the purposes of search and seizure. Such is the case here. [237 N.W.2d at 370-371.]
*428 The Minnesota Court relied on the Fifth Circuit opinion of United States v. Colbert, 474 F.2d 174, 176 (1973), which stated:
... The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.
See, also, cases collected in the majority and dissent opinions in United States v. Boswell, 347 A.2d 270 (D.C.App. 1975), and People v. Howard, 50 N.Y.2d 583, 430 N.Y.S.2d 578, 408 N.E.2d 908 (Ct.App. 1980), cert. den. 449 U.S. 1023, 101 S.Ct. 590, 66 L.Ed.2d 484 (1980). Moreover, the seizure took place on a public street and did not involve invasion of any zone of defendant's personal privacy, such as a home, office or car. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 351-352, 97 S.Ct. 619, 627-628, 50 L.Ed.2d 530 (1977).
Further, the language of the District of Columbia Court of Appeals in Smith v. United States, D.C.App., 292 A.2d 150, 151 (1972), is noteworthy.
On the abandonment issue, the question of whether or not appellant intended eventually to return and retrieve the revolver is irrelevant. By removing this article from his coat pocket and tossing it into the street, he had obviously given up its possession by leaving it in a public place where it might have been discovered and picked up by any passerby. It is true that such temporary surrender of possession would not necessarily be viewed as tantamount to loss of title if the owner brought an action of replevin or trover against the finder. Mere retention of title to an abandoned object, however, is not the basis for invoking the protection of the fourth amendment. It is fundamental that one who abandons property prior to search cannot object to illegal seizure of such property, Parman v. United States, 130 U.S.App.D.C. 188, 399 F.2d 559, cert. denied, 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968), and whether complete abandonment exists in the strict property-right sense is not material, United States v. Edwards, 441 F.2d 749 (5th Cir.1971). [292 A.2d at 151]
We agree with the trial judge that defendant abandoned any constitutionally sheltered privacy expectation in the aspirin-tin stash when he embarked on his illegal enterprise, peddling narcotics, on a public street corner.
Affirmed.