GENERAL CARBON COMPANY, A DI-
VISION OF ST. MARY'S CARBON
COMPANY, a corporation, Petitioner,

v.

OCCUPATIONAL SAFETY & HEALTH
REVIEW COMMISSION, Respondent.

No. 87–1805.

United States Court of Appeals,
District of Columbia Circuit.

April 8, 1988.

David B. White and Stella L. Smetanka, Pittsburgh, Pa., were on petitioner's motion for stay.

John Shortall, was on respondent's opposition to petitioner's motion for stay.

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion Per Curiam.

## ON MOTION FOR STAY

PER CURIAM:

On November 9, 1987, the Occupational Safety and Health Review Commission ("OSHRC") issued a final order concluding that petitioner General Carbon Company ("General Carbon"), which produces electrical brushes for electrical motors, was in violation of the Hazard Communication Standard, 29 C.F.R. §§ 1910.1200(f)(1)(i), (ii) (1987). These provisions require chemical manufacturers to ensure that each container of hazardous chemicals leaving the workplace is labeled, tagged or marked with both the identity of the hazardous chemicals and appropriate hazard warnings. General Carbon now moves this court to stay OSHRC's order.

General Carbon's arguments in its motion for stay consisted of two sentences. On the issue of irreparable injury, General Carbon alleged simply that compliance with the labeling requirement would impose on it "extreme expense." On the issue of likelihood of success on the merits, General Carbon alleged simply that it "[was] of the good faith opinion that some relief may possibly be granted it by this court." The other two factors—possible harm to others, and the public interest—were not mentioned in the stay motion.

OSHRC correctly argued in its opposition that General Carbon failed to provide this court with adequate grounds for the issuance of a stay. General Carbon's motion represents the mere skeleton, if that much, of a proper motion for a stay.

It fails to provide enough information to enable a determination of the propriety of the requested stay because it fails completely to address some of the criteria relevant to that determination. *See Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 673–74 (D.C.Cir.1985); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958). As to the criteria General Carbon did address, the arguments advanced were so lacking that the motion should not have been filed. *See Wisconsin Gas,* 758 F.2d at 676. Furthermore, General Carbon's attempt, by way of reply, to expand its arguments, and to address for the first time the two factors omitted from its original motion, is unacceptable. We will not consider arguments raised for the first time in the reply. *See McBride v. Merrell Dow and Pharmaceuticals, Inc.,* 800 F.2d 1208, 1210–11 (D.C. Cir.1986). The motion for stay is denied.