UNITED STATES of America, Appellee,

v.

Melvin A. WIDER, a/k/a Melvin
A. Wilder, Appellant.

No. 90–3275.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 28, 1991.

Decided Dec. 13, 1991.

---

Billy L. Ponds, for appellant.

Robin C. Ashton, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., were on the brief, for appellee.

Before D.H. GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge.

Melvin A. Wider was indicted on one count of possessing more than five grams of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii). After his motion to suppress evidence was denied, Wider entered a conditional plea of guilty on that count and was sentenced to 210 months' imprisonment. Wider then filed this appeal to challenge the June 29, 1990 order and memorandum denying the motion to suppress

and the oral denial, during the suppression hearing, of a motion to produce documents under the Jencks Act, 18 U.S.C. § 3500. For the following reasons, we affirm both rulings by the district court.

We first address Wider's appeal of the order denying the motion to suppress. Wider's motion sought suppression of numerous plastic bags of crack found on his person and in a paper sack he was carrying as well as empty plastic bags and a razor with cocaine residue found in his automobile, asserting that all this evidence was the fruit of unlawful searches. In denying Wider's motion, the district court relied on the testimony of Officer Arnie Stewart, one of the arresting officers:

> Police Officer Stewart testified to the following facts at a suppression hearing on June 20, 1990. On April 14, 1990, the officer received information that a light-skinned black male, driving a grey-ish BMW and wearing a BMW hat, was selling drugs in the 300 Block of 53rd Street, Northeast, Washington, D.C.. [sic] The source of the information was an informant who had given reliable information to this officer approximately ten times in the past. The officer and her partner arrived at the identified block less than twenty minutes after receiving the phone call. In a courtyard adjacent to the street, the officers viewed a light-skinned black male in a BMW hat. They observed the man place a brown paper bag on some steps and walk away from the bag up the steps toward the street. The officers retrieved the bag, looked inside, and saw white rocks. They stopped the suspect and searched him, finding more bags containing white rock-like substances in them which field tested positive for cocaine. The defendant was approximately three to four feet from the bag, walking up the steps, when he was arrested. The officers checked the license plates on a BMW parked about 35 feet from where the defendant was arrested, found that the car was registered in defendant's name, and then proceeded to search the vehicle, finding more bags similar to those defendant was carrying and a razor blade with residue.

Based on Stewart's testimony, the judge concluded the searches of the sack, of Wider's person and of Wider's automobile were lawful because the informant's tip gave the officers reasonable suspicion to stop or probable cause to arrest Wider, Wider "abandoned" the sack before it was searched, and the search of Wider's automobile was supported by probable cause, based on the informant's tip and the search of the sack, and by exigent circumstances. Wider asserts the judge erred in denying his motion because (1) the information received from the informant was insufficient to establish probable cause, (2) the appellant did not abandon the bag and (3) there was neither probable cause nor any exigent circumstance to support the automobile search. Without reaching Wider's first assertion, we affirm the district court's ruling because Wider's abandonment of the sack, as found by the district court, permitted the officers to lawfully search it, the discovery of crack therein established probable cause to arrest Wider and to search his person incident to the arrest and knowledge that Wider had been carrying such quantities of crack, both in the sack and on his person, provided probable cause to search his nearby automobile for additional evidence.

 First, we conclude the search of the bag was lawful because at the time of the search Wider had abandoned it. It is well established that the warrantless search or seizure of "abandoned" property does not violate the fourth amendment. *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960). Although the abandonment inquiry focuses on the intent of the person alleged to have abandoned the property, the test of abandonment is an objective one under which "intent may be inferred from words 'spoken, acts done, and other objective facts.'" *United States v. Thomas*, 864 F.2d 843, 846 (D.C.Cir.1989) (quoting *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir.1973)). The district court reasonably inferred from Wider's conduct, as described by Stewart, that Wider abandoned the paper sack when he placed it on the steps and began to walk

away, "[leaving] it behind in a public place where he retained no reasonable expectation of privacy in it." *See id.* at 846. Accordingly, we conclude the district court's finding of abandonment was not clearly erroneous and must therefore be affirmed. *United States v. Manner,* 887 F.2d 317, 327 n. 9 (D.C.Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990); *Thomas,* 864 F.2d at 845.

■ Next, we consider the bags of cocaine found on Wider's person and conclude that they were also lawfully obtained. Having observed Wider abandon the sack and having discovered the crack inside it, the officers had an objectively reasonable belief that Wider had committed a crime and therefore probable cause to arrest him. *See Gerstein v. Pugh,* 420 U.S. 103, 111–12, 95 S.Ct. 854, 861–62, 43 L.Ed.2d 54 (1975) ("[t]he standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense' ") (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)). Further, once they arrested him, the officers could lawfully search for and seize any evidence on Wider's person, incident to the arrest. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). Thus, the district court correctly declined to suppress the bags of crack found on Wider's person.

■ Next we hold that the search of Wider's automobile was also lawful. A warrantless search of a motor vehicle parked in a public place is permissible, with or without exigent circumstances, provided the searching authorities have probable cause to believe the vehicle contains contraband. *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985);[1] *see also United States v. Whitfield,* 629 F.2d 136, 140–42 (D.C.Cir.1980). Once the officers here became aware that Wider pos-

sessed large quantities of crack, packaged for distribution, and that his automobile was parked nearby, there was a "fair probability" that the vehicle contained additional evidence of drug dealing activity and therefore probable cause to search it. *Cf. United States v. Caroline,* 791 F.2d 197, 201 (D.C.Cir.1986).

■ Finally, we consider the denial of Wider's Jencks Act motion and affirm it as well. During the suppression hearing, Stewart testified that she kept notes on the informant's reliability each time she received information from him. After learning of these notes, Wider's counsel addressed the court: "Your honor, I would make a Jencks request for that information." The prosecutor responded: "The informant is not a witness here, your Honor, nor do we intend to produce him as a witness, which is also part of this motion. There is no statement by that witness as to what this witness is testifying about." The court then denied the motion without further explanation. Wider now contends that ruling should be reversed, along with the subsequent denial of the motion to suppress, because he requested the notes as statements of Stewart herself, not of the anonymous informant, and their production was therefore required under the Jencks Act. Without deciding whether the notes were in fact producible under the Jencks Act, we affirm the denial of Wider's request on the ground that, having failed to apprise the district court of the basis for the Jencks Act request at the time it was made, Wider is precluded from challenging the denial of the request on appeal.

The only explanation of the Jencks request during the hearing was the prosecutor's objection to production of the notes as statements *of the informant,* which objection apparently prompted the district court to deny the request. Wider's counsel made no attempt to inform the district court that, as he now claims, he sought production of the notes as statements of the testifying

---

1. Justification for the automobile exception to the warrant requirement rests not only on the vehicle's ready mobility, and the consequent possibility of its removal, but also on the "reduced expectation of privacy stemming from its use as a licensed motor vehicle subject to a range of police regulation inapplicable to a fixed dwelling." *Carney,* 471 U.S. at 393, 105 S.Ct. at 2070.

officer rather than of the absent informant. Given this inexplicable failure to correct the court's apparent misapprehension, Wider cannot now complain of a ruling based on that misapprehension. In urging reversal based on an argument he did not bring to the trial court's attention, Wider in effect invites us to decide an issue raised for the first time on appeal. Precedent requires that we decline to do so here. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Miller v. Avirom,* 384 F.2d 319, 321–22 (D.C.Cir.1967) ("In our jurisprudential system, trial and appellate processes are synchronized in contemplation that review will normally be confined to matters appropriately submitted for determination in the court of first resort. Questions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient precision to indicate distinctly the party's thesis, will normally be spurned on appeal.") (footnotes omitted).

For the preceding reasons, the rulings of the district court are

*Affirmed.*