8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James Calvin WORTHAM, Jr., Appellant.
 No. 92-3041.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 15, 1993.
 
 Before: WALD, WILLIAMS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Wortham's convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 James Wortham appeals his convictions on various drug charges. Wortham first argues that the district court erred in denying his motion to suppress evidence seized from his car. "A warrantless search of a motor vehicle parked in a public place is permissible, with or without exigent circumstances, provided the searching authorities have probable cause to believe the vehicle contains contraband." United States v. Wider, 951 F.2d 1283, 1286 (D.C.Cir.1991) (citing California v. Carney, 471 U.S. 386 (1985); United States v. Whitfield, 629 F.2d 136, 140-42 (D.C.Cir.1980)). The police clearly had probable cause to believe that Wortham's car contained contraband based on Officer Harrison's observation of the transaction between Wortham and the purchaser later identified as Leonard Forrest and on the arrest team's recovery of cocaine from Forrest. Thus, the court did not err in denying the motion to suppress.
 
 
 5
 Wortham next argues that the court erred in allowing Officer Harrison to invoke the "observation post privilege." In United States v. Foster, 986 F.2d 541 (D.C.Cir.1993), the court held that a witness may not invoke the privilege where, as here, the witness is crucial to the prosecution, the defense challenges his perceptions, there are no concerns about protecting tenants and apartment owners who have aided police, and there is no videotape or other substitute for the questioning. Id. at 543-44. However, because Wortham did not object to Harrison's refusal to disclose the location of his post, we review the matter only for plain error.
 
 
 6
 Wortham elicited significant information from Harrison about the observation post, including testimony concerning the distance between the post and the crime scene, Harrison's angle of vision, and the presence or absence of obstructions. In light of this testimony, the district court did not plainly err in not requiring Harrison to disclose the actual location of the observation post.
 
 
 7
 Finally, Wortham argues that the evidence was insufficient to establish that his activities occurred within 1000 feet of a school. However, a rational jury could have found beyond a reasonable doubt that the offenses occurred within 1000 feet of the school based on Harrison's testimony. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We therefore affirm Wortham's convictions.