38 F.3d 610
 309 U.S.App.D.C. 35
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jerome JAMES, also known as Winky, Appellant.
 No. 94-3006.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 9, 1994.
Rehearing and Suggestion for Rehearing In Banc Denied Dec. 5, 1994.
 
 Before: BUCKLEY, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 In his opening brief, appellant Jerome James argues that the district court's refusal to admit evidence concerning former co-defendant Trina Brown's forgery of a letter implicating him denied James the opportunity to present a defense that Brown and Detective Mark Stone had conspired to entrap him. However, in the district court James did not seek to have this evidence admitted in order to establish a conspiracy to entrap him. Although he argued that evidence concerning the letter was admissible to show that Brown and Stone had entered into a conspiracy and that Brown had attempted to cover up that conspiracy, he never stated or implied that Brown and Stone had conspired to entrap him. Rather, the clear import of his argument was that Brown and Stone had conspired to distribute drugs.
 
 
 5
 This court will not generally consider arguments not made at trial and raised for the first time on appeal. See United States v. Wider, 951 F.2d 1283, 1287 (D.C.Cir.1991) (citing Singleton v. Wulff, 428 U.S. 106, 120 (1976); Miller v. Avirom, 384 F.2d 319, 321-22 (D.C.Cir.1967)). There is nothing to James's argument that the district court's evidentiary ruling prohibited him from presenting a defense of conspiracy to entrap. The district court could not have prohibited James from presenting a defense that he did not in fact attempt to present.
 
 
 6
 Taking a somewhat different tack in his reply brief, James "acknowledges that the record is ambiguous" and suggests that evidence concerning the letter was admissible either to show that he was not a member of a conspiracy to sell drugs or to show that Brown and Stone conspired to entrap him. See Reply Brief at 2-3. However, James did not argue that the evidence was admissible to show that he was not a member of a conspiracy to sell drugs in his opening brief. Furthermore, the court will not generally consider arguments raised for the first time in a reply brief. See General Carbon Co. v. Occupational Safety & Health Review Commission, 854 F.2d 1329, 1330 (D.C.Cir.1988) (per curiam). We therefore affirm James's convictions.