652 So.2d 396 (1995)
STATE of Florida, Appellant,
v.
Denise C. KENNON, Appellee.
No. 94-00978.
District Court of Appeal of Florida, Second District.
February 10, 1995.
Rehearing Denied March 10, 1995.
*397 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
PARKER, Acting Chief Judge.
The state appeals an order granting Denise C. Kennon's motion to suppress evidence. We reverse that order, concluding that Kennon had no reasonable expectation of privacy in the area searched.
The following facts were presented at the hearing on Kennon's motion to suppress.[1] In 1993 Deputy Oliver of the Manatee County Sheriff's Office and Officer Waiters of the Palmetto Police Department, both in uniform, were conducting bar checks to deter fights. Two bars under surveillance were on the same street and were separated by a vacant lot which was used for additional parking. Bar patrons also gathered in the vacant lot. As the officers were walking from one bar across the vacant lot to the other bar at approximately 1:00 a.m., they observed Kennon walking toward them in the vacant lot with an object in her hand. Kennon was alone and in clear view of the officers who were approximately ten yards away from her. Street lights illuminated the area. Both officers observed Kennon stop at a vehicle, look around, kneel beside the right rear passenger side of the vehicle, and place the item in her hand behind the tire. Kennon then got up and walked back toward one of the bars where a crowd had gathered outside.
Both officers went to see what item Kennon had left behind the tire. Officer Waiters picked up what appeared to be a cigarette pouch. The officers opened the pouch and found five or six bags of a substance, which both officers recognized as marijuana. Deputy Oliver pursued Kennon, detained her, and placed her under arrest for possession of marijuana. Following Kennon's arrest, Officer Oliver reopened the cigarette pouch and discovered that it also contained rock cocaine.
The trial court based its suppression of the evidence on its determination that Kennon had not abandoned the pouch which contained illegal drugs. When addressing an abandonment issue, the question is whether, under the totality of the circumstances, a defendant has a reasonable expectation of privacy in the invaded property. Kelly v. State, 536 So.2d 1113 (Fla. 1st DCA 1988). "Whether property has been `abandoned' for search and seizure purposes is viewed primarily as a question of intent, to be inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment." Kelly, 536 So.2d at 1114.
It should not be assumed that the property law concept of abandonment is controlling as to the reach of the Fourth Amendment. 1 Wayne R. LaFave, Search and Seizure § 2.6(b) (2d ed. 1987). City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365 (1975) is the central case explaining this concept. LaFave's treatise states the following on this matter:
Instructive on this point is City of St. Paul v. Vaughn where police followed a suspect into a drycleaning establishment, saw him tuck something underneath the counter, retrieved the item (an eyeglass case) and found narcotics paraphernalia inside. Though the defendant had "discarded the eyeglass case in a location to which any member of the public had equal access," he contended it could not be said that he had abandoned it because "his intention was *398 merely to hide the case, not to relinquish his right of ownership." The court did not agree:
The distinction between abandonment in the property-law sense and abandonment in the constitutional sense is critical to a proper analysis of the issue. In the law of property, the question, as defendant correctly states, is whether the owner has voluntarily, intentionally, and unconditionally relinquished his interest in the property so that another, having acquired possession, may successfully assert his superior interest... . In the law of search and seizure, however, the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment... . In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure.
This analysis is fully consistent with Katz v. United States, [389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)] which the court in Vaughn cited in support.
LaFave, supra, at 464-66 (footnotes omitted).
Although the majority of cases throughout the United States concern the issue of abandonment when a defendant tries to dispose of incriminating objects upon the lawful approach or pursuit by law enforcement officers, there are several cases which have applied Vaughn to facts similar to the case before us. In State v. Burgos, 185 N.J. Super. 424, 449 A.2d 536 (1982), the court followed the Vaughn rationale when a defendant placed an aspirin tin of drugs under a parked car to hide it and kept returning to remove objects from the tin, apparently to make drug sales, and each time replaced the tin under the car. The appellate court concluded that the defendant had no protected Fourth Amendment rights in the narcotics stashed remotely from his person.
In State v. Teltser, 61 N.C. App. 290, 300 S.E.2d 554 (1983), a defendant at an automobile accident scene, in the presence of witnesses, ran across a highway, jumped a fence, and hid a suitcase under a fallen tree. The court held that the defendant abandoned the suitcase to the extent that he had no reasonable expectation of privacy and that the defendant reasonably should expect that anyone finding the suitcase would open it and take charge of it.
Several other cases have followed the Vaughn court's conclusion that the concept of abandonment is different under the Fourth Amendment than under property law. See, e.g., Spriggs v. United States, 618 A.2d 701 (D.C. 1992) (appellant stooping down and placing metal key case containing cocaine next to fence post and walking away has no Fourth Amendment protection against police recovering object even when the object itself is not evidence of a crime); Anderson v. State, 133 Ga. App. 45, 209 S.E.2d 665 (1974) (defendant who hides marijuana under a rock seventy-five feet from his fishing equipment is afforded no protection against search and seizure of the marijuana). See also United States v. Wider, 951 F.2d 1283 (D.C. Cir.1991) (defendant who placed brown paper bag on steps and walked away from the bag had no reasonable expectation of privacy); United States v. Thomas, 864 F.2d 843 (D.C. Cir.1989) (defendant who left gym bag on the floor of a public hallway in an apartment building and walked down some stairs surrendered his expectation of privacy); United States v. Hershenow, 680 F.2d 847 (1st Cir.1982) (no reasonable expectation of privacy when defendant left a sealed box of incriminating records in a barn in which the defendant had no legal interest or right of access); United States v. Alewelt, 532 F.2d 1165 (7th Cir.) (defendant relinquished his expectation of privacy when he placed jacket on coat rack in general working area of state office building), cert. denied, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976).
We conclude that this case should be controlled by Vaughn and its progenies. We *399 hold that Kennon could not expect Fourth Amendment protection when she chose to hide drugs under the wheel of a vehicle in a public area and walk away. We reverse the order suppressing the evidence. This, however, is a hollow victory for the state. The trial court, for reasons not apparent in the record, permitted Kennon's attorney to file and argue a motion to suppress after the jury was sworn. Florida Rule of Criminal Procedure 3.190 clearly reflects that a motion to suppress is a pretrial motion. By permitting this procedure, it appears that jeopardy has attached and Kennon cannot be brought to trial even when the trial court erred in granting this motion. See Thomason v. State, 620 So.2d 1234 (Fla. 1993); Bailey v. State, 319 So.2d 22 (Fla. 1975).
We reverse the trial court's order suppressing the evidence seized in this case and remand the case to the trial court.
QUINCE, J., concurs.
BLUE, J., concurs in part and dissents in part with opinion.
BLUE, Judge, concurring in part and dissenting in part.
I concur with the majority's conclusion that jeopardy appears to have attached as a result of the timing of the trial court's ruling. I respectfully dissent, however, from the determination that the motion to suppress was granted in error. Although I have no disagreement with the legal principles set forth in the majority opinion, I believe the majority overlooks the tenet that, even in search and seizure cases, abandonment is primarily a question of intent. Because the evidence presented at the suppression hearing provided a basis for a factual finding on the issue of intent, I believe we should defer to the trial court's finding that Kennon had not abandoned her pouch at the time it was seized and searched.
The majority relies upon Kelly v. State, 536 So.2d 1113 (Fla. 1st DCA 1988), which employs a similar analysis concerning the question of abandonment in the search and seizure arena. I believe, however, that the majority fails to heed the lessons of Kelly in applying the rules.
Whether property has been `abandoned' for search and seizure purposes is viewed primarily as a question of intent, to be inferred from the words and actions of the parties and other circumstances surrounding the purported abandonment. As stated by our sister court in O'Shaughnessy v. State, 420 So.2d 377, 379 (Fla. 3d DCA 1982):
[T]he test to be applied in determining whether a person has abandoned property is an objective one  the words used, the conduct exhibited, and other objective facts such as where and for what length of time the property is relinquished and the condition of the property. United States v. Kendall, [655 F.2d 199 (9th Cir.1981)] supra, United States v. Williams, 569 F.2d 823 (5th Cir. 1978); Morton v. State, [284 Md. 526, 397 A.2d 1385 (1979)].
The burden is on the state to establish abandonment and it has been said that the proof thereof must be by `clear, unequivocal and decisive evidence.' O'Shaughnessy, 420 So.2d at 379; Friedman v. United States, 347 F.2d 697 (8th Cir.1965).
536 So.2d at 1114.
In this case, two officers observed Kennon look around, kneel and place a small pouch under the tire of a car, and start to walk away. Within seconds, and while Kennon was only ten yards away, the officers retrieved the pouch and conducted a search. These facts do not establish the intent to abandon as a matter of law, but create a question of fact to be determined by the trial judge after hearing the evidence and evaluating credibility.
The majority opinion cites a number of cases from other jurisdictions in which facts similar to the case before us resulted in a finding of abandonment. With but one exception, these cases affirmed a trial court's finding of abandonment, usually with the customary concession to the presumption of correctness of a trial court's rulings. The exception is City of St. Paul v. Vaughn, 306 Minn. 337, 237 N.W.2d 365 (1975). Although I agree with the rule of law in Vaughn, the facts are clearly distinguishable. In that *400 case, the appellate court found the defendant's prior actions justified a Terry[2] stop at the time the defendant was observed attempting to hide or dispose of a glasses case. This thread, prior suspicion, is common to all the cases cited for reversal. Here, there was no evidence of suspicious activity by Kennon before she placed the pouch under the car.
A trial court's ruling on a motion to suppress comes to this court with a presumption of correctness. Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981). Appellate courts must interpret the evidence and inferences from the evidence in a light most favorable to sustaining the trial court's ruling on a motion to suppress. Owen v. State, 560 So.2d 207 (Fla. 1990). While reasonable people could reach different conclusions concerning whether Kennon had abandoned the pouch, the trial court found the facts, and the rational inferences from those facts, supported its determination that Kennon did not abandon her reasonable expectation of privacy in the pouch. Given the facts of this case, and the standards by which this court must review the trial court's decision, I would affirm. Indeed, applying the established principles set out above, if the trial court had denied the motion to suppress, I would still affirm.
Accordingly, I respectfully dissent.
NOTES
[1] At trial, and after the jury had been sworn, Kennon filed a motion to suppress evidence. The state filed, in open court, a motion to strike the motion to suppress. The trial court granted the motion to strike but permitted Kennon one hour in which to file an amended motion. Kennon filed an amended motion to suppress which the trial court found sufficient and proceeded to hear. At the conclusion of the hearing, the trial court granted the motion to suppress and dismissed the case.
[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).