817 So.2d 989 (2002)
STATE of Florida, Appellant,
v.
Billy A. LAMPLEY, Appellee.
No. 4D01-900.
District Court of Appeal of Florida, Fourth District.
May 29, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellant.
Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellee.
*990 GROSS, J.
The state appeals the granting of a motion to suppress in favor of appellee, Billy Lampley, who was charged with possession of cocaine with intent to sell or deliver, in violation of section 893.13(1)(a), Florida Statutes (2000). We reverse, finding that Lampley had no reasonable expectation of privacy in a paper bag containing drugs that he stored in the wheel well of a truck between drug transactions.
At the suppression hearing, the state's only witness was Fort Pierce Police Officer Antonio Moore. On September 22, 2000, Moore conducted an undercover surveillance of an intersection in a high crime area. He had been with the department for three years, working in a community outreach program and with a division of the department that enforces drug and vice crimes. Moore had been involved in about twenty undercover operations and had made approximately thirty arrests for sale or possession of cocaine in the area under surveillance.
Officer Moore was staked out in a rooming house observing the parking lot of a convenience store well-known as a site for drug transactions. From approximately fifteen feet away, Moore saw Lampley standing at the rear of a truck, speaking with another person, identified as "Clint." He overheard Lampley say "that he needed to leave before the police come and run him away for no trespassing." The officer recognized Lampley from the streets as a person engaged in selling crack cocaine.
Moore saw Lampley "go behind the truck and reach up under the wheel well and remove a brown paper bag." Lampley returned to the rear of the truck with Clint and removed another "plastic bag" from inside the paper bag. The officer then saw Lampley "pour the items out of the bag into his hand and give them to Clint." Although Moore could not identify what was in the bag, he suspected it was rock cocaine. After receiving the items, Clint walked away. Lampley replaced the paper bag up under the wheel well and went into the convenience store.
Based on his observations, Officer Moore radioed another officer, and told him to "secure" Lampley. Lampley was "secured" with handcuffs and placed into the back of another officer's patrol car. At that point, Moore snuck out of the rooming house, got into his car, drove to the convenience store, and removed the paper bag from the wheel well. Inside the paper bag was a plastic bag containing seventy cocaine rocks.
Officer Moore then took Lampley into his patrol car and "headed out to the jail." While inside Moore's patrol car, Lampley asked the officer to "charge him with possession and not possession with intent."
The trial court ruled that the handcuffing of Lampley was an arrest, for which the police needed probable cause. Finding that probable cause was lacking, the trial court granted the motion to suppress the cocaine.
We do not focus on Lampley's detention, but on the location of the cocaine when it was seized. The cocaine was retrieved from the wheel well of a truck, not from Lampley's person. The cocaine was not seized incident to the arrest. We conclude that Lampley had no reasonable expectation of privacy in the wheel well of the truck parked in the convenience store parking lot.
"[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). The Supreme Court has "applied this principle to hold *991 that a Fourth Amendment search does not occur ... unless `the individual manifested a subjective expectation of privacy in the object of the challenged search,' and `society [is] willing to recognize that expectation as reasonable.'" Id. (quoting California v. Ciraolo, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)). Here, as he has conceded in his brief, Lampley had no expectation of privacy in the wheel well of the truck. However, Lampley argues that he had an expectation of privacy in the contents of the paper bag because he did not "relinquish or disavow" the paper bag simply by setting it down and walking away from it.
In contrast to property law, which defines the often subtle nuances of ownership, courts treat the concept of "abandonment" differently in the context of search and seizure law. "The test for abandonment is whether a defendant voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." 14A FLA. JUR. 2D Abandoned Property § 633 (2001); see Maxwell v. State, 443 So.2d 967, 969 (Fla.1983); Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972). "No search occurs when police retrieve property voluntarily abandoned by a suspect in an area where the latter has no reasonable expectation of privacy." State v. Milligan, 411 So.2d 946, 947 (Fla. 4th DCA 1982).
This case is similar to State v. Kennon, 652 So.2d 396 (Fla. 2d DCA 1995). In Kennon, during a surveillance of two bars, the police saw a patron kneel beside a vehicle, place an item behind the right rear tire, and walk away. Id. at 397. One of the undercover officers walked over, picked up the item (a cigarette pouch), and found five or six bags of marijuana inside of it. Id. The second district, quoting a search and seizure text by Wayne R. La-Fave, held that
Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure. This analysis is fully consistent with Katz v. United States.[1]
Id. at 398. In reversing the lower court's suppression of the drugs, the second district concluded that the defendant "could not expect Fourth Amendment protection when she chose to hide drugs under the wheel of a vehicle in a public area and walk away." Id. at 398-99; accord United States v. Wider, 951 F.2d 1283 (D.C.Cir. 1991) (finding no reasonable expectation of privacy where defendant placed a brown paper bag on steps and walked away).
Here, as in Kennon, Maxwell, and Wider, Lampley had no reasonable expectation of privacy in either the paper bag, or its contents, when he placed it in the wheel well of the truck and walked away.
REVERSED AND REMANDED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (which first enunciated the principle that the Fourth Amendment protects against government intrusions into areas upon which one "justifiably relies," and society recognizes that reliance as reasonable).