UNITED STATES of America, Appellee

v.

Earvin M. HARRIS, Appellant.

No. 05–3117.

United States Court of Appeals, District of Columbia Circuit.

April 21, 2006.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, David W. Bos, Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and SENTELLE and HENDERSON, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is

ORDERED AND ADJUDGED that the appellant's conviction be affirmed. Because Harris was not seized for purposes of the Fourth Amendment to the Constitution of the United States, the district court did not err in refusing to suppress the firearm and ammunition Harris discarded while running away from officers of the Metropolitan Police Department. *See California v. Hodari D.,* 499 U.S. 621, 626,

111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (an individual is not "seized" when he does not submit to an officer's assertion of authority, absent physical force); *United States v. Wider,* 951 F.2d 1283, 1285 (D.C.Cir.1991) ("It is well established that the warrantless search or seizure of 'abandoned' property does not violate" the Fourth Amendment). At most, Harris interacted very briefly with one of the officers after the officer called for Harris to stop and Harris turned to look at him before taking flight. Our caselaw makes clear such hesitation does not constitute a submission to authority. *See United States v. Washington,* 12 F.3d 1128, 1132 (1994) (no submission where, after initially stopping car in response to police siren, defendant drove off as officer approached vehicle on foot).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.